UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

RASHEEDAH ABDUL-AZIZ-AZIZ,

        Plaintiff,

- against -

CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; POLICE OFFICER BRENDAN STORZ; POLICE OFFICER SOFIA HAMID; POLICE OFFICER MICHAEL AGUNZO; and POLICE OFFICERS JOHN DOE 1-2,

        Defendants.

------------------------------------------------------------------------X

20-cv-_____.

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff Rasheedah Abdul-Aziz-Aziz, by her attorneys, for her complaint against the City of New York ("City"), New York City Police Department ("NYPD"), Police Officer Brendan Storz ("Storz"), Police Officer Sofia Hamid ("Hamid"); Police Officer Michael Agunzo ("Agunzo"), and Police Officers John Does No. 1-2 (collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action to vindicate the rights of Rasheedah Abdul-Aziz-Aziz, a black New York City resident who was harassed, intimidated, taunted, beaten, and brutalized by NYPD officers Storz, Hamid, and Doe. Ms. Abdul-Aziz was lawfully at her home in Queens when the NYPD officers arrived because of an alleged noise complaint from 311. Ms. Abdul-Aziz's boyfriend and father of her child, Peter J. Lawson, III, went outside to ask the officers why they were there. The officers then surrounded Mr. Lawson, preventing him from returning inside, wrestled with him, beat him, and tazed him twice. Ms. Abdul-Aziz confronted the officers about their brutal treatment of Mr. Lawson. The officers arrested Ms. Abdul-Aziz on various

charges without any probable cause. The Queens District Attorney's Office declined to prosecute the charges.

2.  The officers' brazen actions occurred in the aftermath of the George Floyd murder in Minneapolis, Minnesota, and in the midst of a worldwide reckoning against police brutality against people of color, which gripped New York City with protests for weeks. Undeterred by these events, Storz, Hamid, and Doe felt empowered to brutalize Mr. Lawson and Ms. Abdul-Aziz without fear of consequences for their actions.

3.  Defendants' violated Ms. Abdul-Aziz's rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution. Mr. Lawson seeks compensatory and punitive damages, an award of costs, attorney's fees, and interest, and such other and further relief this Court deems just and proper.

## JURISDICTION AND VENUE

4.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteen Amendments to the United States Constitution. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

5.  Venue is proper under 28 U.S.C. § 1391(b)(1) because one or more of the Defendants resides in the Southern District.

## JURY TRIAL DEMANDED

6.  Plaintiffs demand a jury trial on each claim pleaded herein.

## PARTIES

7.  Ms. Abdul-Aziz is a 38 year old black citizen of the United States, and resident of the City and State of New York, in Queens County.

8. Defendant City is a municipal corporation duly authorized and incorporated under the laws of the State of New York. The City is authorized to maintain a police department, Defendant NYPD, which acts as the City's agent for law enforcement.

9. At all relevant times herein, the City and NYPD hired, employed, trained, supervised, and controlled Storz, Hamid, and Doe.

10. Storz was at all relevant times herein a duly appoint and acting officer, servant, employee, and/or agent of the City and NYPD. At all times relevant herein, Storz acted under the laws, statutes, ordinances, regulations, policies, customs and/or usages of the City and NYPD, in the course and scope of his duties and functions as an officer, servant, employee, and/or agent of the City and NYPD, was acting for, and on behalf of, and with the power and authority vested in him by the City and NYPD, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. Storz is sued in his individual and official capacity.

11. Hamid was at all relevant times herein a duly appoint and acting officer, servant, employee, and/or agent of the City and NYPD. At all times relevant herein, Hamid acted under the laws, statutes, ordinances, regulations, policies, customs and/or usages of the City and NYPD, in the course and scope of her duties and functions as an officer, servant, employee, and/or agent of the City and NYPD, was acting for, and on behalf of, and with the power and authority vested in her by the City and NYPD, and was otherwise performing and engaging in conduct incidental to the performance of her lawful functions in the course of his duty. Hamid is sued in her individual and official capacity.

12. Agunzo was at all relevant times herein a duly appoint and acting officer, servant, employee, and/or agent of the City and NYPD. At all times relevant herein, Agunzo acted under the laws, statutes, ordinances, regulations, policies, customs and/or usages of the City and

NYPD, in the course and scope of his duties and functions as an officer, servant, employee, and/or agent of the City and NYPD, was acting for, and on behalf of, and with the power and authority vested in him by the City and NYPD, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. Agunzo is sued in his individual and official capacity.

13. Doe is a fictitious name for an unidentified police officer who was at all relevant times herein a duly appoint and acting officer, servant, employee, and/or agent of the City and NYPD. At all times relevant herein, Doe acted under the laws, statutes, ordinances, regulations, policies, customs and/or usages of the City and NYPD, in the course and scope of his duties and functions as an officer, servant, employee, and/or agent of the City and NYPD, was acting for, and on behalf of, and with the power and authority vested in him by the City and NYPD, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. Doe is sued in his individual and official capacity.

## FACTS

14. On June 4, 2020, at approximately 11:00 p.m., Ms. Abdul-Aziz was lawfully in her home located at 111-30 128th Street, Queens, New York.

15. Ms. Abdul-Aziz was with her boyfriend, Mr. Lawson, and with other family members, including their three year old son.

16. At that time, a marked NYPD patrol car from the 106th precinct parked in front of Mr. Lawson's home, shined a light into the premises and appeared to be investigating the premises.

17. Mr. Lawson and Ms. Abdul-Aziz felt concerned, alarmed, intimidated, and scared by the police presence, the light and having their home stare at by the NYPD.

4

18. Mr. Lawson exited his home to ask the officers in the NYPD patrol car why they were present at his home.

19. At all times relevant herein, Ms. Abdul-Aziz observed and heard Mr. Lawson's interaction with the police officers.

20. Storz, Hamid, and Doe then exited the patrol vehicle and approached Mr. Lawson in an aggressive and confrontational manner.

21. The three officers formed a three point triangle around Lawson, and claimed they were responding to a noise complaint received by 311.

22. Mr. Lawson explained to the officers that there was no noise coming from his house.

23. Storz then began to taunt Mr. Lawson and urged him to fight.

24. Mr. Lawson attempted to turn and walk away from the officers and return to his home, but the officers prevented him from leaving.

25. Storz, Hamid, Agunzo, and/or Doe grabbed Mr. Lawson by the wrist and wrestled him to the ground.

26. Storz, Hamid, Agunzo, and/or Doe sat on top of Mr. Lawson to immobilize him so that he could not get up.

27. Storz, Hamid, Agunzo, and/or Doe then punched Mr. Lawson repeatedly about his face and body.

28. Storz, Hamid, Agunzo, and/or Doe then ripped Mr. Lawson's dread locked hair from his head.

29. Extremely concerned about Mr. Lawson's well-being, Ms. Abdul-Aziz demanded the officers stop beating him and asked why they were acting that way. The officers responded

aggressively and violently towards Ms. Abdul-Aziz and continued to beat Mr. Lawson, who was immobilized on the ground.

30. While Mr. Lawson was immobilized, Storz, Hamid, Agunzo, and/or Doe shot Mr. Lawson about his body twice with an NYPD issued electro-shock weapon ("taser").

31. While the officers beat, punched, and tazed Mr. Lawson, Ms. Abdul-Aziz attempted to pull Mr. Lawson out from under the officers. In response, Storz, Hamid, Agunzo and/or Doe punched and beat Ms. Abdul-Aziz.

32. Stroz, Hamid, Agunzo, and/or Doe then handcuffed Ms. Abdul-Aziz and placed her under arrest.

33. Mr. Lawson was incapacitated by pain from the shock from the taser.

34. Storz, Hamid, and/or Doe then lifted Mr. Lawson's beaten and shocked body from the ground.

35. Storz, Hamid, and/or Doe handcuffed Mr. Lawson and placed him under arrest.

36. While Ms. Abdul-Aziz was in custody, Storz, Hamid, Agunzo, and/or Doe taunted her about Mr. Lawson. Storz, Hamid, Agunzo, and/or Doe commented that "Did you know he [Lawson] was a Golden Gloves Champion? Look at him [Lawson] now!," "we have to get rid of him," "what's his weight?," "Look at his [Lawson's] body, "How big is he [Lawson]?

37. Storz, Hamid, and/or Doe then transported Ms. Abdul-Aziz to the 106th precinct.

38. The NYPD held Ms. Abdul-Aziz for approximately five hours until she was released with a desk appearance ticket.

39. On June 16, 2020, Mr. Lawson and Ms. Abdul-Aziz met with then Acting Queens Borough President Sharon Lee, and New York City Councilperson Adrienne Adams about his treatment by the NYPD, Storz, Hamid, and Doe. Borough President Lee and Councilperson Adams were outraged at Mr. Lawson's and Ms. Abdul-Aziz's treatment by the NYPD.

40. The Queens District Attorney's Office declined to prosecute any charges against Ms. Abdul-Aziz.

## AS AND FOR A CAUSE OF ACTION

*Deprivation of Rights Protected by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution by All Defendants*

41. Plaintiff repeats and reiterates each preceding allegation with the same force and effect if set forth fully herein.

42. At all times during the events described herein, Defendants lacked probable cause to use force against Ms. Abdul-Aziz.

43. All of Defendants' acts herein were carried out under the color of state law.

44. All of Defendants' acts herein deprived Ms. Abdul-Aziz of the rights, priileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. § 1983.

45. All of Defendants' acts were carried out in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

46. Defendants' acts caused Ms. Abdul-Aziz to suffer extreme, acute, and severe pain to her body, head, neck, back, shoulders, arms, wrists, abdomen, and legs.

47. At all times relevant herein, the police officer Defendants had an opportunity to intervene and stop their fellow Defendants' willful violation of Ms. Abdul-Aziz's rights, but failed to do so.

48. Defendants' acts deprived Ms. Abdul-Aziz of her rights to due process, to be free from excessive force, and to receive equal protection under the law.

**WHEREFORE,** Plaintiff demands relief jointly and severally against all of the Defendants for compensatory damages in an amount to be determined upon a jury trial of this action; punitive damages in an amount to be determined by a jury trial of this action; costs, interest, and attorney's fees; and for such other and further relief this Court may deem just and proper.

Dated:  Brooklyn, New York
        July 29, 2020

                                          Respectfully submitted,

                                          THE BERKMAN LAW OFFICE, LLC
                                          *Attorneys for the Plaintiff*

by: _____
                                          Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627